# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEANETTA CALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-1046-SM |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Jeanetta Calvin (Plaintiff) seeks judicial review of the Commissioner of Social Security's decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. § 405(g). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(c). Docs. 12, 13.[1]

Plaintiff asks this Court to reverse the Commissioner's decision, arguing the Administrative Law Judge (ALJ) erred by failing to resolve a purported conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DICOT) and by concluding Plaintiff could perform jobs

---

[1]  Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record (AR) will refer to its original pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

described in the DICOT as requiring a reasoning level of 2. Doc. 17, at 3-7. After careful review of the record, the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.   Administrative determination.

### A.   Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff

makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.   Relevant findings.

#### 1.   Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-24; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found that Plaintiff:

(1)   had not engaged in substantial gainful activity since February 20, 2020, the amended alleged onset date;

(2)   had the following non-severe impairments: GERD, hiatal hernia, hemorrhoids, urinary incontinence, thyroiditis, disorder of refraction, and constipation; and the following severe impairments: degenerative disk disease, rheumatoid arthritis, heart murmur or irregular heartbeats, multiple bilateral renal cysts, depression, and anxiety;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the residual functional capacity[2] (RFC) to lift and carry twenty pounds occasionally and ten pounds frequently; to sit

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

for about six hours during an eight-hour workday; to stand and walk for about six hours during an eight-hour workday; to occasionally climb, balance, stoop, kneel, crouch, and crawl, to understand, remember, and carry out simple, routine, and repetitive tasks; to relate to supervisors and co-workers on a superficial work basis (but not to have any contact with the general public); and to adapt to a work setting;

(5)     had no past relevant work;

(6)     could perform jobs that exist in significant numbers in the national economy, such as office helper, DICOT 239.567-010, and collator operator, DICOT 208.685-010, both requiring a reasoning level of 2, and mail clerk, DICOT 209.687-026, requiring a reasoning level of 3; and so,

(7)     had not been under disability from November 6, 2019, the date Plaintiff's application was filed, through May 27, 2021.

AR 17-24.

## 2.     Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.    Judicial review of the Commissioner's decision.

### A.    Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 105. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

### B.    Issue for judicial review.

Plaintiff claims the ALJ's step-five finding that she could perform jobs requiring reasoning levels of two (office helper and collator operator) and three (mail clerk) is unsupported by substantial evidence. Doc. 17. Plaintiff argues that the vocational expert's testimony, which the ALJ relied on in crafting his

step-five findings that a worker with Plaintiff's RFC could perform those jobs, is not supported by the DICOT. *Id.* Specifically, she argues the DICOT entries for those jobs require a reasoning level greater than that allowed by Plaintiff's RFC. *Id.*

## III.   Discussion.

### A.   Apparent conflict between the vocational expert's testimony and the DICOT's reasoning requirements.

At step five, the Commissioner must show "a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [his or her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). To determine the availability of such jobs in the national economy, the ALJ "will take administrative notice of reliable job information" listed in, among other publications, the DICOT. *Id.* § 404.1566(d). The Commissioner may also elicit such testimony from a vocational expert. *Id.* § 404.1566(e).

The ALJ found Plaintiff had the RFC to understand, remember, and carry out only simple, routine, repetitive tasks. AR 19-22. The vocational expert testified that a worker with this limitation could perform jobs with a reasoning level of two and a reasoning level of three. *Id.* at 48-49.

Plaintiff's RFC limitation to "simple, routine, and repetitive tasks" appears inconsistent with the demands of a reasoning level three job like mail clerk, DICOT 209.687-026, 1991 WL 671813 (1991). *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding plaintiff's limitation to "simple and routine work tasks" "seems inconsistent with the demands of level-three reasoning" and reversing that portion of the ALJ's decision). But the Court finds any error related to this level-three job is harmless because the vocational expert also identified two level-two jobs Plaintiff could perform—office helper, DICOT 239.567-010, 1991 WL 672232 (1991), and collator operator, DICOT 208.685-010, 1991 WL 671753 (1991)—which exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1566(b).

### B.   Any error related to reasoning level three jobs is harmless because Plaintiff's limitation to simple, routine, repetitive tasks is consistent with reasoning level two jobs.

The Court may find an ALJ's error harmless if it can "confidently say no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *see Robben v. Saul*, No. CIV-20-173-SM, 2021 WL 433202 (W.D. Okla. Feb. 8, 2021) (applying harmless-error analysis to claim of step-five error).

Any error related to level-three jobs in this case is harmless because Plaintiff's limitation to simple, routine, repetitive tasks is consistent with the demands of reasoning level two jobs. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (explaining that "level-two reasoning appears more consistent with Plaintiff's RFC" limitation to "simple and routine work tasks"); *Forssell v. Berryhill*, No. CIV-18-94-STE, 2018 WL 6440882, at *8 (W.D. Okla. Dec. 7, 2018) (Limitation to "performing simple, routine, and repetitive tasks" did not "inherently conflict with reasoning level two.").

Plaintiff directs the Court's attention to *Jones v. Comm'r, Admin.*, No. CIV-18-350-KEW, 2020 WL 1527308, at *3 (E.D. Okla. Mar. 30, 2020), in which the Eastern District of Oklahoma found the demands of reasoning level two jobs exceeded the plaintiff's RFC limitation to "short and simple tasks and instructions" and "routine and repetitive tasks." Doc. 17, at 6-7. That case, while also not binding on this Court, is inapposite to Plaintiff's RFC. The plaintiff in *Jones* was limited to both short and simple *instruction* and routine and repetitive *tasks*, while Plaintiff here is limited only to simple, routine, repetitive tasks. Plaintiff argues, though, that the instructions limitation and the tasks limitation both amount to "a limitation to simple, routine, and repetitive work." *Id.* at 6. The Court disagrees.

Although a limitation to simple *tasks* is consistent with a reasoning level of two, that is not the case for a limitation to simple *instructions*. *Cf. C.H.C.*, 2022 WL 950433, at *7 (explaining that "*Hackett* concerned *work tasks*, not *instructions*, and the Court has found no legal authority equating the two for purposes of legal analyses"). This Court has reversed the Commissioner's decision based on "an unresolved conflict between an individual's ability to perform jobs involving only simple instructions and jobs which required reasoning level two." *Rutledge v. Kijakazi*, No. CIV-21-1012-C, 2022 WL 2232518, at *4 (W.D. Okla. May 31, 2022) (collecting cases), *adopted*, 2022 WL 2232205 (W.D. Okla. June 21, 2022). And the Tenth Circuit has indicated that such an instructional limitation may conflict with reasoning level two. *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) ("While we have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions, the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning.") (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)). The Court therefore rejects Plaintiff's argument that it should conflate limitations to simple tasks with those to simple instructions.

So because Plaintiff's RFC limitation to simple, routine, repetitive tasks is consistent with reasoning level two, the question is whether the level-two jobs identified by the vocational expert exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1566(b).

"[T]here is no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant, but the number appears to be somewhere between 100, the number of jobs in *Allen* that we refused to consider significant for harmless-error purposes, and 152,000, the lowest number of jobs we have considered (in *Stokes*[ *v. Astrue,* 274 F. App'x 675, 684 (10th Cir. 2008)]) to be sufficient so far for application of harmless error." *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016).

The level-two jobs identified by the vocational expert, office helper and collator operator, account for 27,000 to 28,000 jobs nationally. *See* AR 23. The Court finds this number sufficient to satisfy 20 C.F.R. § 404.1566(b). "In *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009), the court implied that 11,000 nationally available jobs was a significant number, and in *Lynn v. Colvin*, 637 F. App'x 495, 499 (10th Cir. 2016), the court held that 24,900 jobs available throughout the nation was 'significant.'" *Robben v. Saul*, No. CIV-20-173-SM, 2021 WL 433202, at *4 (W.D. Okla. Feb. 8, 2021) (collecting cases). The Court

10

therefore concludes that 27,000 jobs is a significant number for purposes of harmless error analysis. Any error related to Plaintiff's ability to satisfy the demands of reasoning level three is rendered harmless by the availability to reasoning level two jobs consistent with her RFC.

## IV.   Conclusion.

The Commissioner's decision is affirmed.

**ENTERED** this 10th day of August, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE